**Bernard R. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 2260.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 6, 1958.

Decided Oct. 28, 1958.

Rex K. Nelson, Washington, D. C., with whom Eugene X. Murphy, Washington, D. C., was on the brief, for appellant.

Jerome A. Cohen, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellant was convicted by a jury of simple assault upon a nine-year-old girl. Although three errors are claimed, we reach only one, namely, the admission of hearsay testimony.

The offense allegedly occurred in an alley in the rear of the 2700 block of Eleventh Street. During trial the following colloquy took place when the arresting officer was being interrogated by appellant's counsel on rebuttal:

"Q. And did this—without stating what this lady ever said to you, Mrs. Emma Glispery, did she indicate that she was an eye witness to what had transpired? A. She did.

"Q. Now, I am not asking you what she said, but I am asking you if she said that she was an eye witness to what took place? A. She said she was an eye witness to all that took place.

\*    \*    \*    \*    \*    \*

"Q. Do you understand the question?. A. I thought I answered it. Would you repeat the question please?

"Q. From your listening to the witness, Mrs. Glispery, on this particular occasion, was it your understanding that she was an eye witness to what transpired there? A. She was an eye witness to what had transpired on Eleventh Street, yes."

On redirect examination the officer was permitted over objection to testify as follows:

"She said that she saw the accused walking with the little kids in the street, and that she was the one that called the police because she thought it was odd that they were hanging around that time of day for that length of time from five o'clock to around nine o'clock, that long, and she thought the police officers should know about it.

\*    \*    \*    \*    \*    \*

"She said she saw them hugging and kissing, out in the street."

Appellant contends that it was error to admit the hearsay statements of a missing witness. We agree. This evidence was highly prejudicial and should have been excluded. The record shows that Mrs. Glispery was listed as a government witness, that she was the person who originally called the police, and that her whereabouts were known to them. Nevertheless, she was apparently not subpoenaed and no real effort was made to present her at trial. Because of her absence, appellant was deprived of the right of cross-examination. In the light of the record in this case, it was clearly error to admit this hearsay testimony.

Reversed with instructions to grant a new trial.